JUDGE ENGELMAYER

12 CIV 8971

PREET BHARARA
United States Attorney for the
Southern District of New York
By:    CHRISTINE S. POSCABLO
        Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.:    (212) 637-2674
Fax:    (212) 637-2750
Email: christine.poscablo@usdoj.gov

RECEIVED
DEC 10 2012
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                            :
WILLIAM J. PFUNK,                                           :
                                                            :
                        Plaintiff,                          :        COMPLAINT
                                                            :
                                                            :        12 Civ. _____
                v.                                          :
                                                            :        **ECF CASE**
                                                            :
COHERE COMMUNICATIONS, LLC and                              :
STEVEN T. FRANCESCO,                                        :        **JURY TRIAL DEMANDED**
                                                            :
                        Defendants.                         :
-------------------------------------------------------------x

        Plaintiff William J. Pfunk ("Pfunk"), by his attorney, Preet Bharara, United States Attorney

for the Southern District of New York, pursuant to 28 U.S.C. § 4323, alleges as follows:

        1.        This civil action is brought pursuant to the Uniformed Services Employment and

Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4335 ("USERRA").

                            JURISDICTION AND VENUE

        2.        This Court has jurisdiction over the subject matter of this action pursuant to 38

U.S.C. § 4323(b) and 28 U.S.C. § 1331.

3.     Venue is proper in this district under 38 U.S.C. § 4323(c)(2) because defendant Cohere Communications, LLC ("Cohere") maintains a place of business in this district. Additionally, venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this district.

## PARTIES

4.     Pfunk is a former employee of Cohere who currently resides in Bensalem, Pennsylvania.

5.     Cohere is a telecommunications company located in New York, New York.

6.     Steven T. Francesco ("Francesco") is the Chairman, CEO, and President of Cohere.

7.     Cohere and Francesco are employers within the meaning of 38 U.S.C. § 4303(4)(A).

## FACTUAL ALLEGATIONS

8.     Pfunk has been a member of the United States Army Reserves since 2006 and currently holds the rank of staff sergeant.

9.     From August 2009 through May 2012, Pfunk was enrolled at Hunter College of the City University of New York, where he was majoring in political science.

10.     In or around October 2011, Pfunk learned about a job opportunity at Cohere from a family friend.  He submitted his resume and interviewed with Francesco on or about October 21, 2011.  Francesco offered Pfunk a position as an "Intern Support Engineer."

11.     Pfunk began working at Cohere in November 2011.  During his first few weeks of employment, Pfunk was tasked with answering calls and trouble-shooting telephone issues for Cohere's clients.  Thereafter, he was also tasked with projects in various other areas of Cohere's

business, including installing telephones, facsimile machines, and internet connection for clients, managing certain software licenses, installing Cohere's servers at Cohere's data center and uploading new software, and working on the production of a "cloud" environment that would allow Cohere's clients to virtually store their computers' memories on Cohere's servers.

12.     Pfunk generally worked three days per week from 9:00 a.m. to 6:00 p.m.  He occasionally worked more than three days per week during vacation from school.

13.     Sometime during the weekend of April 7-8, 2012, Pfunk received a telephone call from the staff operations and training specialist for his Army military unit.  Pfunk was instructed to pick up orders on the morning of Monday, April 9, 2012, to serve as a sponsor for a soldier participating in an aspect of military training called the Best Warrior Competition, as a substitute for another sponsor who had a family emergency.  The orders required Pfunk to report to Fort Indiantown Gap in Annville, Pennsylvania by 8:00 a.m. on April 9, 2012, and to be on duty for four days.

14.     On Sunday, April 8, 2012, Pfunk sent an e-mail to Francesco informing him that Pfunk had received orders to report to Fort Indiantown Gap "to prep for a unit competition" in connection with his military service and, consequently, that he would not be at work that week.  Pfunk also informed Francesco of other employees who could handle various aspects of his job in his absence, and that he would be available through e-mail, text, and telephone should Francesco need to reach him.

15.     Francesco responded by e-mail on April 9, 2012, as follows:  "This last minute notice has raised some real issues to your ability to contribute on a consistent basis.  I run a business which counts on everybody's active participation.  At this juncture, you should focus on

your 'last minute' elective activities—and may be [sic] in the future, when you are more stable,

we can re-visit working together."

16.    Francesco thereby terminated Pfunk's employment with Cohere as of April 9,

2012.

17.    On April 10, 2012, Pfunk explained to Francesco by e-mail that he had given

notice to Francesco as expediently as possible and offered to forward him a copy of his military

orders.  He also informed Francesco that his military obligations were not "elective" activities

and requested an opportunity to come in the following week to discuss the situation with

Francesco.

18.    Francesco responded by e-mail on April 10, 2012, stating: "From w[ha]t I know

about reserve duty is [sic] the obligation is one weekend a month and two weeks a summer.

Military orders never come as a surprise—unless a time of war.  The way u feel u have

obligations—I too have to fulfill the business needs.  If ur needs out way [sic] my needs, then I

can't see how to continue with ur participation."

19.    Shortly thereafter, Pfunk contacted Employer Support of the Guard and Reserve

("ESGR"), an agency of the United States Department of Defense, and informed a representative

that he believed his employment had been terminated because of his military duties.  An ESGR

representative contacted Francesco in an effort to restore Pfunk's employment but Francesco

refused to reemploy Pfunk.

20.    Pfunk reported for military duty and served from April 9, 2012 through April 12,

2012.

21.     On April 16, 2012, in accordance with section 4322(a) of USERRA, Pfunk filed a

claim with the Veterans' Employment and Training Service of the United States Department of

Labor.

22.     On April 17, 2012, Pfunk sent Francesco an e-mail to notify him that he would be

coming in to the office the following day to drop off his work-related keys.  He also informed

Francesco that he believed his rights had been violated "under the federal USERRA act, the

Wage and Labor Laws, and the NYC Human Rights Laws" and that if Francesco would not

settle the matter, Pfunk would contact an attorney.

23.     Francesco responded to Pfunk's April 17, 2012 e-mail on April 18, 2012, stating:

"You are welcome to pursue any course of action you deem appropriate—but if you want a war,

I can impact your life more than you can screw with mine.  You are not to stop by for any

reason.  Your access cards have been disabled and you are no longer welcome at this firm for

any reason."

## CLAIMS FOR RELIEF

### COUNT I

24.     Pfunk repeats and realleges the allegations in paragraphs 1 through 23 with the

same force and effect as if set forth fully herein.

25.     Section 4311 of USERRA provides that "[a] person who is a member of, applies

to be a member of, performs, has performed, applies to perform, or has an obligation to perform

service in a uniformed service shall not be denied initial employment, reemployment, retention

in employment, promotion, or any benefit of employment by an employer on the basis of that

membership, application for membership, performance of service, application for service, or

obligation."

26.     Cohere and Francesco violated section 4311 of USERRA by, among other ways, discriminating against Pfunk by terminating his employment because of his military service.

27.     As a result of Cohere's and Francesco's unlawful discrimination and statutory violation, Pfunk suffered the loss of employment as well as earnings and other benefits of employment in an amount to be determined at trial.

COUNT II

28.     Pfunk repeats and realleges the allegations in paragraphs 1 through 27 with the same force and effect as if set forth fully herein.

29.     Section 4312 of USERRA provides, subject to certain requirements that are satisfied here, that "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of [USERRA]."

30.     Cohere and Francesco violated section 4312 of USERRA by, among other ways, failing to reemploy Pfunk upon his return from military service.

31.     As a result of Cohere's and Francesco's unlawful discrimination and statutory violation, Pfunk suffered the loss of employment as well as earnings and other benefits of employment in an amount to be determined at trial.

REQUEST FOR RELIEF

WHEREFORE, Pfunk requests that the Court enter judgment against Cohere, Francesco, and Cohere's officers, agents, employees, successors, and all persons in active concert or participation with Cohere and Francesco, as follows:

A.     Declaring that Cohere's and Francesco's termination of Pfunk's employment was motivated by his military service and was therefore in violation of USERRA, 38 U.S.C. § 4311;

6

B.   Declaring that Cohere's and Francesco's refusal to reemploy Pfunk upon his return from military service was in violation of USERRA, 38 U.S.C. § 4312;

C.   Ordering that Cohere and Francesco comply with the provisions of USERRA;

D.   Ordering that Cohere and Francesco pay Pfunk all amounts due to him for loss of wages and other benefits of employment caused by Cohere's and Francesco's violations of USERRA;

E.   Awarding Pfunk liquidated damages in an amount equal to the amount of lost wages and other benefits of employment suffered by reason of Cohere's and Francesco's willful violations of USERRA, pursuant to 38 U.S.C. § 4323(d)(1)(C);

F.   Awarding Pfunk prejudgment interest on the amount of lost wages and benefits due; and

G.   Granting such other relief as may be just.

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

By: _____

DELORA KENNEBREW
Chief
United States Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
Patrick Henry Building, Room 4920
Washington, DC 20530

Dated:  December 10, 2012
        New York, New York

PREET BHARARA
United States Attorney

By: _____

CHRISTINE S. POSCABLO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.:   (212) 637-2674
Fax:    (212) 637-2750
Email: christine.poscablo@usdoj.gov

Attorneys for Plaintiff William J. Pfunk